UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

DOMINGO COLON MONTANEZ,

        Petitioner,

v.

THERESA A. DELBALSO,

        Respondent.

CIVIL ACTION NO. 3:15-CV-02442

(CAPUTO, J.)
(MEHALCHICK, M.J.)

## REPORT AND RECOMMENDATION

On December 18, 2015, the Court received and filed a petition for a writ of habeas corpus submitted pursuant to 28 U.S.C. § 2241,[1] signed and dated by the Petitioner on August 16, 2015. (Doc. 1). At the time of the filing of this federal habeas petition, the Petitioner was incarcerated at the State Correctional Institution at Retreat, located in Hunlock Creek, Pennsylvania.

The Petitioner challenges his 2000 conviction and sentence in the Court of Common Pleas of Berks County for rape by forcible compulsion, sexual assault, indecent assault, and simple assault. *Commonwealth v. Colon-Montanez*, Docket No. CP-06-CR-0001093-1999 (Berks Cnty. C.C.P.).[2] His conviction and sentence were affirmed on direct appeal by the Superior

---

[1] The Court notes that the Petitioner submitted his petition pursuant to 28 U.S.C. § 2241. Because he is in custody pursuant to the judgment of a state court, the Court entered an order on January 29, 2016, granting Petitioner an opportunity to decide whether to have the Court construe his petition as one filed under 28 U.S.C. § 2254, or alternatively to withdraw the petition. *See Coady v. Vaughn*, 251 F.3d 480, 484 (3d Cir. 2001). Petitioner did not file a response to this Order. Thus, the Court construes the petition as one filed under § 2254.

[2] In addition to the petition, a federal habeas court may take judicial notice of court records. *Minney v. Winstead*, No. 2:12-cv-1732, 2013 WL 3279793, at *2 (W.D. Pa. June 27,

Court of Pennsylvania on December 13, 2000. *Commonwealth v. Colon Montanez*, Docket No. 483 MDA 2000 (Pa. Super. Ct.). The Petitioner filed several PCRA motions in the state trial court, each of which was ultimately dismissed. *Commonwealth v. Colon-Montanez*, Docket No. CP-06-CR-0001093-1999 (Berks Cnty. C.C.P.).

The Petitioner previously challenged this very same state judgment in federal habeas proceedings before this Court and the United States District Court for the Eastern District of Pennsylvania, which denied his petition as time-barred pursuant to 28 U.S.C. § 2244(d). *See Colon Montanez v. Walsh*, Civil Action No. 03-13-cv-0268 (M.D. Pa. Nov. 1, 2013); *Colon Montanez v. Wilson*, Civil Action No. 2:07-cv-01200, 2007 WL 3341414 (E.D. Pa. Nov. 5, 2007). In the instant petition, the Petitioner claims that he is being unlawfully held in custody because the state trial court's sentencing order was not properly filed in the state trial court's record, and the sentencing order failed to properly authorize the county sheriff to transport or convey him into the custody of the Pennsylvania Department of Corrections. (Doc. 1, at 1-2). Because these claims have been previously raised in his initial federal habeas petition, the instant petition is a "second or successive" petition as to which this Court lacks subject matter jurisdiction in the absence of pre-authorization by the United States Court of Appeals for the Third Circuit. *See* 28 U.S.C. § 2244(b); *Benchoff v. Colleran*, 404 F.3d 812, 815–17 (3d Cir. 2005).

Based upon the foregoing, it is recommended that the petition (Doc. 1) be **DISMISSED** for lack of jurisdiction pursuant to 28 U.S.C. § 2244(b)(2), without prejudice to the Petitioner's

---

2013); *see also Reynolds v. Ellingsworth*, 843 F.2d 712, 714 n.1 (3d Cir. 1988). Accordingly, in reviewing this petition, the Court has taken judicial notice of the publicly available dockets of criminal and collateral post-conviction proceedings in the Court of Common Pleas of Berks County, the Superior Court of Pennsylvania, and the Supreme Court of Pennsylvania, as well as the docket sheets of the civil actions filed in the United States District Court for the Eastern District of Pennsylvania, and in this District.

right to seek pre-authorization from the Third Circuit under 28 U.S.C. § 2244(b)(3). It is further recommended that the Court decline to issue a certificate of appealability, as the Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

BY THE COURT:

**Dated: May 16, 2016**                              *s/ Karoline Mehalchick*
                                                     **KAROLINE MEHALCHICK**
                                                     **United States Magistrate Judge**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOMINGO COLON MONTANEZ,<br><br>           Petitioner,<br><br>v.<br><br>JEROME W. WALSH, Superintendent,<br><br>           Respondent. | CIVIL ACTION NO. 3:13-CV-02687<br><br>(CAPUTO, J.)<br>(MEHALCHICK, M.J.) |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **May 16, 2016**.

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Dated: May 16, 2016                                                       *s/ Karoline Mehalchick*
                                                                                 **KAROLINE MEHALCHICK**
                                                                                 **United States Magistrate Judge**