**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DOMINGO COLON-MONTANEZ, | |
| Petitioner, | CIVIL ACTION NO. 3:15-CV-02442 |
| v. | (JUDGE CAPUTO) |
| THERESA A. DELBALSO, | (MAGISTRATE JUDGE MEHALCHICK) |
| Respondent. | |

## MEMORANDUM

Presently before me is the Report and Recommendation of Magistrate Judge Mehalchick (Doc. 15) regarding a Petition for Habeas Corpus filed by Domingo Colon-Montanez (Doc. 1).[1]  For the reasons that follow, the Report and Recommendation will be adopted in its entirety and the Petition for Habeas Corpus will be dismissed.

## I. Background

On December 18, 2015, the Court received and docketed Petitioner's petition for a writ of habeas corpus submitted pursuant to 28 U.S.C. § 2241.  (Doc. 1.)  At the time of the filing of his federal habeas petition, Petitioner was incarcerated at the State Correctional Institution at Retreat, located in Hunlock Creek, Pennsylvania.  In his petition, he challenges his 2000 conviction and sentence in the Court of Common Pleas of Berks County for rape by forcible compulsion, sexual assault, indecent assault, and simple assault.  His conviction and sentence were affirmed on direct appeal by the Superior Court of Pennsylvania on December 13, 2000.  He then filed several PCRA motions in the state trial court, each of

---

[1] Petitioner filed the instant petition pursuant to 28 U.S.C. § 2241.  However, because he is in custody pursuant to the judgment of a state court, Magistrate Judge Mehalchick entered an Order on January 29, 2016, granting him an opportunity to decide whether to have the Court construe his petition as one filed under 28 U.S.C. § 2254, or alternatively to withdraw the petition.  *See Coady v. Vaughn*, 251 F.3d 480, 484 (3d Cir. 2001) (discussing petitions under Sections 2241 and 2254).  Because Petitioner did not file a response to this Order, his petition will be construed as one filed under 28 U.S.C. § 2254.

which was ultimately dismissed.

Petitioner previously challenged this same state judgment in federal habeas proceedings before this Court and the United States District Court for the Eastern District of Pennsylvania, which denied his petition as time-barred pursuant to 28 U.S.C. § 2244(d). *See Colon Montanez v. Walsh*, No. 3-13-cv-268 (M.D. Pa. Nov. 1, 2013); *Colon Montanez v. Wilson*, No. 2:07-cv-1200, 2007 WL 3341414 (E.D. Pa. Nov. 5, 2007).  In the instant petition, he claims that he is being unlawfully held in custody because the state trial court's sentencing order was not properly filed in the state trial court's record, and the sentencing order failed to properly authorize the county sheriff to transport or convey him into the custody of the Pennsylvania Department of Corrections.  (Doc. 1, at 1-2.)

On May 16, 2016, Magistrate Judge Mehalchick issued the instant Report & Recommendation (Doc. 15) and on July 7, 2016, Petitioner filed his objections (Doc. 19). The Report & Recommendation and the objections thereto are now ripe for review.

## II. Legal Standard

Where objections to the Magistrate Judge's report are filed, the court must conduct a *de novo* review of the contested portions of the report. *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir.1989) (citing 28 U.S.C. § 636(b)(1)(c)). However, this only applies to the extent that a party's objections are both timely and specific. *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir.1984). In conducting a *de novo review*, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the law permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *United States v. Raddatz*, 447 U.S. 667, 675–76 (1980); *Goney*, 749 F.2d at 7; *Ball v. U.S. Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994).  Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985). At the very

least, the court should review uncontested portions for clear error or manifest injustice. *Cruz v. Chater*, 990 F. Supp. 375, 376–77 (M.D. Pa. 1998).

### III. Discussion

On May 16, 2016, Magistrate Judge Mehalchick issued the instant Report & Recommendation, recommending that the habeas petition be dismissed. Specifically, she notes that because the claims raised in the petition were already raised in Petitioner's initial federal habeas petition, the instant petition constitutes a "second or successive" petition that this Court lacks subject matter jurisdiction over in the absence of pre-authorization by the United States Court of Appeals for the Third Circuit. *See* 28 U.S.C. § 2244(b); *Benchoff v. Colleran*, 404 F.3d 812, 815-17 (3d Cir. 2005) (discussing "second or successive" habeas petitions under 28 U.S.C. § 2244(b)).

On June 2, 2016, Petitioner filed a motion for an extension of time to file his objections to Magistrate Judge Mehalchick's Report & Recommendation (Doc. 16), which I granted (Doc. 17). On July 7, 2016, Petitioner filed his objections, raising the same argument in his petition, that "there is no judgment of a state court, nor a sentence order enter[ed] upon the record in [his] case." (Doc. 19, at 1.) He also requested a hearing so that he could present evidence to prove his claims for relief. (*Id.*) However, he fails to address the fact that he must first seek pre-authorization from the Third Circuit to file his "second or successive" habeas petition.

Therefore, because the instant petition is a "second or successive" habeas petition under 28 U.S.C. § 2244(b), it will be dismissed without prejudice to Petitioner's right to seek pre-authorization from the Third Circuit under 28 U.S.C. § 2244(b)(3). Additionally, because Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right," a certificate of appealability will not be issued. 28 U.S.C. § 2253(c)(2). Accordingly, Petitioner's objections will be overruled and Magistrate Judge Mehalchick's Report & Recommendation will be adopted in its entirety.

## IV. Conclusion

For the above stated reasons, I will adopt the Report and Recommendation (Doc. 15) in its entirety.

An appropriate order follows.


July 8, 2016                                                                 /s/ A. Richard Caputo
Date                                                                              A. Richard Caputo
                                                                                      United States District Judge